MYERS CONST. CO. *v.* BATSON.

(Division A. March 3, 1930. Suggestion of Error Overruled, March 31, 1930.)

[126 So. 824. No. 28422.]

**Hannah & Simrall**, of Hattiesburg, for appellant.

No brief found for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

The appellee was plaintiff in the court below, and filed a suit against the Myers Construction Company for medical services rendered to employees of the Myers Construction Company. The services were procured by means of orders given Dr. Batson to administer treatment, prescriptions, etc., to the various persons treated. The orders were signed Myers Construction Company by the name of a camp foreman.

Myers Construction Company was engaged in the business of constructing roads, streets, etc. The declaration set forth that Myers Construction Company was indebted to the plaintiff in the sum of four hundred forty-eight dollars and fifty cents for medical services by plaintiff to employees of the Construction Company. Some of the services rendered were paid for on presentation of the bill, but the bills in the present suit were not promptly

presented to the company, and when they were presented the company declined to pay them, unless they were shown to have been ordered by one of the foremen. There was some correspondence with reference to the matter. One of the letters written Batson by the Company contained the following: "I have investigated this matter carefully in going over it with Mr. Brown who suggests that we pay you for services to employees, where you show that the work was ordered by him, or some other agent of the company." Another letter read as follows: "Dr. T. T. Batson, Hattiesburg, Miss.

"Dear Doctor: We have received your letter in regard to a bill against us for services to some of our employees.

"The writer is very much surprised to know that we owed you anything at all and is at a loss to understand why a year was allowed to pass before any bill was rendered.

"Some of the employees have long since left our employ and there is no chance for us to help you collect from them.

"You understand, of course that we are not responsible for debts contracted by our employees, except in cases of request by a responsible agent of the company, in which case we deduct the bill from the employee's time on pay-day and pay the account.

"We have investigated this matter carefully and gone over it with Mr. Brown. He suggests that we pay for your services to employees in those cases where you show the work was ordered by him or some other agent of the company.

"I will get Mr. Brown to call on you on his next trip over and go over the account with you in an effort to select the authorized cases from the un-authorized."

In one of the letters written by Dr. Batson he stated the account as being two hundred thirty-eight dollars, and the jury returned a verdict for this amount.

The defendant objected to the written orders, and the judge of the county court sustained the objections to the orders themselves on the theory that they were not attached to the declaration, but permitted the parties to prove facts with reference to the course of business based upon, or following, the written orders. It is contended that there is not sufficient evidence to sustain a finding for the plaintiff, because the foreman giving the orders had no authority to do so. The president of the Myers Construction Company and some of the employees testified that they had no such authority; but that, when the foreman gave an order for treatment of one of the employees, the practice was to take the amount of the medical bill out of the employee's wages; and that the matter was handled in this way in a number of cases in which the medical bill was paid by the camp foreman.

It is not shown that there was any understanding between Dr. Batson and the construction company that this course would be pursued. The camp foremen had charge of the respective camps and were the only representatives of the company in charge of the camps. One of these camp foremen was treasurer of the company.

We are of the opinion that, from the course of dealing, the company, by the foreman, employed or ordered Dr. Batson to render treatment, and paid him for treatment rendered to the employees and caused Dr. Batson to believe that the company was employing him, and that he had a right to look to the company for payment. It is well known that under modern conditions it is necessary for construction crews to be held together and kept in an efficient state of health and physical condition to do the work they are employed to do, and the party accepting employment under the conditions stated and under the course of dealing testified to is entitled to recover for the value of his services. The contract sued upon is not required to be in writing, and it is not necessary to attach the orders in order to state a basis of

liability. As the judge permitted the contents of the orders to be testified about and made known to the jury, we are unable to say that he committed error therein.

Therefore the judgment of the court below will be affirmed.

Affirmed.